PER CURIAM:
Claimant brought this action for damage to his 1999 Ford Taurus which occurred when he was operating his vehicle on County Route 20 in Kanawha County and his vehicle struck a large hole in the road. Respondent was responsible at all times for the maintenance of County Route 20. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on April 15, 2001, at 10:00 a.m. Claimant Robert Coleman was traveling eastbound on County Route 20, also known as Kanawha Forest Road. The weather was clear and the road surface was in good condition. Mr. Coleman was one and four tenths of a mile east of Connell Road proceeding to Kanawha Forest. He had just driven out of a curve when, suddenly and without warning, his vehicle struck a large hole on the right side of his lane. It was a hard impact which jolted the claimant and immediately burst his front passenger side tire. Mr. Coleman testified that the hole was five feet long, three feet wide, and approximately eight inches deep. It was located within the travel portion of the road and extended to the very edge of the road. He also testified that County Route 20 at this location is a narrow, two-lane road. Although the traffic was very light at this time, he did approach an oncoming vehicle near the location of this incident. He stated that he travels this road once or twice a year, but that he had not done so in the past year prior to this incident. He also stated that he did not see the hole prior to the impact and that it was full of water which made it more difficult for him to notice. As a result of this incident, claimant had to purchase two new passenger side tires and rims. The vehicle also had to have a four wheel alignment. The total cost of these repairs was $857.70. However, claimant had comprehensive insurance coverage that covered these expenses so he may only recover $200.00 which is the deductible amount of his insurance policy.
*194 Claimant contends that respondent knew or should have known of such a large hole in the road and that it should have taken adequate measures to correct it. Its failure to do so was the proximate cause of claimant’s damages. Claimant introduced photographs at the hearing of this matter demonstrating that this hole was large in length and width, and it was significantly deep. Some of the photographs depicted the hole extending well into the travel portion of the road. Furthermore, the photographs, as well as Mr. Coleman’s testimony, indicate that this hole was nearly full of water, which could make it difficult for drivers of vehicles to observe the size and significance of this hole until right upon it.
It is respondent’s position that it was not aware of the hole until after this incident and that it was not negligent in its maintenance of County Route 20.
Chet Burgess testified on behalf of respondent. Mr. Burgess testified that he is the maintenance supervisor for respondent at the St. Albans Headquarters, in Kanawha County. He is responsible for the maintenance of County Route 20 including the location of this incident. He stated that he is familiar with the portion of road at issue. Mr. Burgess described County Route 20 as a secondary, two-lane, blacktop highway with a center line but no edge lines. The road is eighteen feet wide with each lane being approximately nine feet wide. Mr. Burgess testified that he did not have prior knowledge of this hole. He also stated that his office receives and records public complaints regarding County Route 20. He searched the records and found no complaints regarding a hole at or near the location of this incident. In addition to responding to public complaints, he stated that normal routine maintenance for County Route 20 consists of one inspection every month or two. Finally, Mr. Burgess testified that this hole appeared to be a fairly recent hole that probably developed during the winter months prior to this incident.
The law is well established in this State that respondent is neither an insurer nor a guarantor of the safety of motorists on its roads. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). To hold respondent liable, claimant must prove by a preponderance of the evidence that the respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the size of the hole and the fact that it extended well into the travel portion of the road leads the Court to conclude that it had been in existence for a long enough period of time for respondent to have been aware of its existence and to have made adequate repairs. Furthermore, this incident occurred in the middle of April. Even if the hole developed during the winter, respondent had adequate time to notice it and make the necessary repairs. Thus, the Court finds that respondent was negligent in the maintenance of County Route 20 at this location and that this negligence was the proximate cause of the claimant’s damages.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $200.00.
Award of $200.00.